12-122

AO 91, Rev. 11/82 (J. LaBar Auth/Design) **CRIMINAL COMPLAINT**

| United States District Court | DISTRICT<br>Eastern District of Pennsylvania |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Mark Johnson | DOCKET NO. |
| | MAGISTRATE'S CASE NO.<br>12-1255 |

FILED
AUG 27 2012

Complaint for violation of Title 18 United States Code § 1951

| NAME OF JUDGE OR MAGISTRATE<br>Honorable L. FELIPE RESTREPO | OFFICIAL TITLE<br>U.S. Magistrate Judge | LOCATION<br>Philadelphia, PA |
|---|---|---|
| DATE OF OFFENSE<br>December 15, 2011 | PLACE OF OFFENSE<br>3005 Grays Ferry Avenue, | ADDRESS OF ACCUSED (if known)<br>1511 South Stanley Street,<br>Philadelphia PA, 19145 |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about December 15, 2011, in Philadelphia, in the Eastern District of Pennsylvania, the Golden Sports Store at 3005 Grays Ferry Avenue in Philadelphia did business in interstate commerce. On or about that date, defendant MARK JOHNSON obstructed, delayed and affected commerce and the movement of articles and commodities in commerce, and attempted to do so, by robbery, in that, defendant MARK JOHNSON unlawfully took and obtained approximately $200 cash from the person or in the presence of another and against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future to his person and property, that is, by entering the Golden Sports Store, pointing a knife at the owner and demanding money.

In violation of Title 18, United States Code, Section 1951(a)

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

SEE AFFIDAVIT ATTACHED HERETO.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT (official title)<br>Charles Bowman |
|---|---|
| | OFFICIAL TITLE<br>Special Agent, Bireau of Alcohol, Tobacco, |

Sworn to before me and subscribed in my presence.

| SIGNATURE OF MAGISTRATE [1]<br>Honorable L. FELIPE RESTREPO, United States Magistrate Judge | DATE<br>8/27/12 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.

## Affidavit

**I, Charles W. Bowman, being duly sworn, depose and state that:**

A.   BACKGROUND

1.   I am a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since August, 2004. I am currently detailed to the Philadelphia Firearms Enforcement Group III whose primary responsibilities include investigating individuals and/or groups who commit violations of Federal firearms laws with respect to the illegal possession, receipt, transfer, or transportation of firearms; including interstate firearms trafficking. Previously, I was assigned to the Reading Field Office, ATF "222 Corridor" Gang Task Force in Lancaster City whose responsibilities include investigating violent gangs engaging in firearms and narcotics violations, and Hobbs Act Robberies. Also, I was detailed to the ATF High Intensity Drug Trafficking Area (HIDTA) Task Force in Philadelphia whose responsibilities include investigating violent organizations that are engaged in the distribution of narcotics. During my tenure as an ATF Agent, I have applied for and executed numerous Federal criminal complaints and arrested individuals in accordance with the probable cause set forth in the affidavits. As a result of my training and experience, I am familiar with the Federal Hobbs Act Robberies that affect interstate or foreign commerce.

2.   I am basing this affidavit on personal knowledge I have gained as part of my investigation, as well as on information I have received from the Philadelphia Police Department (PPD) South Detective Division, who had direct knowledge of the incident and events which are

1

related within this affidavit of probable cause. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause to secure authorization to arrest Mark JOHNSON, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

B.  THE CRIMINAL INCIDENT

3.  On or about December 15, 2011, at approximately 7:09 p.m., Mark JOHNSON entered the Golden Sports Store, which is located in the Grays Ferry Shopping Center, 3005 Grays Ferry Avenue, Philadelphia, Pennsyvlania. Once inside the store, JOHNSON produced a knife and demanded money from the store's president, who was working in the store as a salesperson. JOHNSON forced the victim to open the store cash register; took approximately $120.00 of the stores proceeds from the day's sales; and also took $80.00 from the victim's person. JOHNSON then fled the store.

4.  On or about December 20, 2011, PPD Detectives retrieved a videotape of the robbery from Golden Sports's security system, and identified JOHNSON as the assailant. The victim of the robbery was shown a photo array and picked out JOHNSON's photograph as that of the person who committed the robbery on December 15, 2011.

5.  On or about January 5, 2012, PPD Officers arrested JOHNSON without incident, JOHNSON waived his *Miranda* rights and gave detectives an inculpatory statement in which he admitted that he had robbed the Golden Sports Store.

6.  On August 17, 2012, I interviewed the victim, who is also the president of Golden Sports Corporation, which operates the Golden Sports Store. I determined that the aforementioned robbery affected or interfered with interstate commerce. In summary, the president advised that

Golden Sports is a retail sneaker and sportswear store that receives approximately 95% of its merchandise from corporations outside of the Commonwealth of Pennsylvania. For example, Nike and Adidas products collectively make up approximately 75% of the inventory at Golden Sports. I reviewed shipping receipts that are consistent with the time of the robbery from both Nike and Adidas. The Adidas Group distributes products from 495 Cedar Crest Road, Spartanburg, South Carolina, to Golden Sports in Philadelphia. NIKE Shelby DC distributes products from 5151 Shelby Drive, Memphis, Tennessee, to Golden Sports in Philadelphia. Additionally, approximately 95% of sales from Golden Sports are generated from products shipped from outside the Commonwealth of Pennsylvania.

7. The victim also told me that the Golden Sports remained closed for the remainder of the evening on December 15, 2011, after the robbery, due to the robbery and the police investigation. As stated above, $120 of proceeds were stolen during the robbery, as well as another $80 from the president's person.[1]

C. CONCLUSION

8. Therefore, I requests that an arrest warrant be issued for Mark A. Johnson, charging him with the interference of commerce by threats or violence during the commercial

---

[1] The $80 would also qualify as store proceeds because the president earns his income from the proceeds of the store.

3

robbery of Golden Sports on December 15, 2011, in violation of Title 18, United States Code, § 1951(a).

_____
CHARLES W. BOWMAN
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 27 DAY
OF August, 2012.

_____
HONORABLE L. FELIPE RESTREPO
United States Magistrate Judge

4